IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAMMY CHESKIS, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Case No.: DLB-19-1734 |
| SAFEWAY, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

In this negligence action, plaintiff Tammy Cheskis alleges that Safeway, Inc. ("Safeway") is liable for damages resulting from injuries she sustained after she fell while walking through the aisles of a Safeway supermarket. ECF 3. Pending is Safeway's motion for summary judgment. ECF 53. The parties fully briefed the motion. ECF 53-1, 54, 54-1, & 55. A hearing is not necessary. *See* Loc. R. 105.6. Safeway had a non-delegable duty to maintain the premises in a reasonable and safe condition for its invitee Ms. Cheskis. Based on the record evidence before the Court, there is a genuine dispute of material fact as to whether Safeway breached that duty. Accordingly, Safeway's motion for summary judgment is denied.

**I.   Background**

The Court views the following facts and the reasonable inferences drawn from them in the light most favorable to Ms. Cheskis. *See Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). Safeway owns and operates a supermarket located at 1451 South Ritchie Highway in Arnold, Maryland. Def.'s Mot. ¶ 2, ECF 53; Pl.'s Opp'n 1 & 10 n.9, ECF 54-1. Safeway contracted with non-party Ultra Care to wax and clean the store's floors, and Ultra Care, in turn,

contracted with third-party defendant PWR Building Services ("PWR") to perform the work. ECF 53 ¶ 2; ECF 54-1, at 10 n.9. It is undisputed that PWR is an independent contractor. Def.'s Mem. 5, ECF 53-1; ECF 54-1, at 10 n.9.

Safeway's floors are waxed approximately every three months. Haskell Dep. 28:3–6, ECF 54-7. On April 24, 2017, PWR waxed the floors. Khmaladze Dep. 9:3 – 10:3, ECF 54-3; ECF 53 ¶ 3; ECF 54-1, at 2–3. The waxing began at approximately midnight and finished around 4:00 a.m. ECF 53 ¶ 3; ECF 54-1, at 2–3. At that time, Mr. James Taylor, a Safeway night manager, inspected the floors and signed off that the waxing was complete. ECF 53 ¶ 3; ECF 53-1, at 3; ECF 54-1, at 6; Taylor Dep. 13:11 – 14:21, ECF 53-6. A couple hours later, from approximately 6:36 a.m. to 6:56 a.m., PWR employee Eric Francisco Godoy Castenada ("Mr. Godoy") washed and scrubbed the Safeway floors as he routinely did at that location. ECF 53 ¶ 4; ECF 53-1, at 5; ECF 54-1, at 3 & 4. A Safeway supervisor did not typically inspect the floors or sign off on the completion of the work after they were cleaned and scrubbed, as was the case after waxing. ECF 53-6, at 18:1–20.

Almost immediately after PWR finished washing and scrubbing the floors, at 6:57:37 a.m., Ms. Cheskis slipped and fell while she was walking through the aisles of the Safeway. ECF 53-1, at 1 & 5; ECF 54-1, at 2 & 6; Cheskis Dep. 30:5–7, ECF 54-2. Video security footage from just before the fall shows PWR employee Mr. Godoy pushing the scrubber up the right side of an aisle. ECF 53-10. Less than two minutes later, Ms. Cheskis crossed the aisle from left to right and fell as she reached the right side of the aisle. *Id.*; *see* ECF 53-1, at 7 & 8; ECF 54-1, at 3. After she fell, Ms. Cheskis noticed that the floor was "really shiny." ECF 54-2, at 27:19 – 28:15, 34:1–10. Safeway did not notify customers that the floor recently had been waxed. ECF 54-7, at 32:5–9.

Ms. Cheskis testified that when she entered the store, there was no warning sign that the floor recently had been waxed or scrubbed.  ECF 54-2, at 45:11–13 & 46:9–21.

Ms. Cheskis and Nancy Haskell, the Safeway manager on duty at the time of the fall, noticed a strip of water "in the area" after the fall.  *Id.* at 30:4–13; ECF 54-7, at 46:20–21, 50:15 – 52:1, 83:10–12.  Ms. Haskell recalled that the strip of water was about a foot long.  ECF 54-7, at 51:7–15.  In the incident report she completed after Ms. Cheskis fell, Ms. Haskell stated that "[t]he customer slipped and fell due to some water on the floor left by a third party floor cleaning company."  Incident Report, ECF 54-8; *see* ECF 54-7, at 70:12–20.  Lisa Giacobbe Khmaladze ("Ms. Khmaladze"), the sole member of PWR, and Mr. Taylor, a Safeway manager, both stated that the scrubber can leave behind little trails of water.  ECF 54-3, at 30:20 – 31:20; ECF 53-6, at 19:11– 20:9.  Ms. Cheskis testified that her clothing did not feel wet after she fell and she did not notice any wet spots on the floor around her.  ECF 54-2, at 30:11–12, 34:6–8.

Ms. Khmaladze testified that waxing the floors does not make them slippery.  ECF 54-3, at 28:6–8.  According to Ms. Khmaladze, PWR waxed Safeway's floors with wax provided by Safeway and cleaned the floor "with water and chemical solution provided by Safeway."  *Id.* at 12:6–9 & 16:10–13.  She said the company would "run the scrubber on that particular area and then . . . get the wax and apply to the floor using mops."  *Id.* at 10:10–12.  She also said that PWR employees were not "supposed to" scrub and clean the floor after it had been waxed.  *Id.* at 14:7–11.  Rather, the floor is "usually buffed . . . the next day.  So if [PWR] wax[es] this section tonight, it wouldn't buff it until, like, almost two days later."  *Id.* at 28:11–13.  She explained that "the wax needs to harden and when it's soft, if you buff it with the high speed buffers that we have, then the wax just gets wiped all off . . . ."  *Id.* at 28:15–17.  In addition, the instructions on the wax itself state: "Allow to cure for 24 hours before burnishing."  ECF 45-4, at 2.

On May 13, 2019, Ms. Cheskis filed this negligence action against Safeway in the Circuit Court for Anne Arundel County, Maryland. ECF 3. On June 13, 2019, Safeway removed the action to this Court. ECF 1. In her Second Amended Complaint, she claims:

> Defendant Safeway was negligent and breached its **non-delegable** duty by failing either to remove the liquid from the floor, **make sure the floors were dry, close the store until the floors were safe to walk on,** and/or to put up signs in the proper areas stating that the floors were wet/polished/waxed/slick or otherwise dangerous; failure to warn that any walking in that area should be done with caution; failure to otherwise warn the Plaintiff that the ground was wet/slippery/slick, **failure to follow the instructions as to putting the wax on the floor as the instructions indicated that the "floors would be very slippery until dry," allowed liquid to gather on the floor in the area where Plaintiff fell and did not properly inspect the floors to make sure that they were safe for customers (including the Plaintiff) during the time period that Plaintiff was in said Defendant Safeway location** and was otherwise negligent.

Second Am. Compl. ¶ 11, ECF 50 (bold in original). Plaintiff further asserts that under the doctrine of *respondeat superior*, Safeway is vicariously responsible for any negligence by PWR. *Id.* ¶ 14.

After the completion of discovery, Safeway moved for summary judgment. ECF 53. Safeway argues it is not legally responsible for any hazardous condition that PWR, an independent contractor, may have created. ECF 53-1, at 5, 12, 19–20. Safeway also argues that, even if it were responsible for PWR's actions, there is insufficient evidence of negligence to submit the claims to a jury. *Id.* at 5, 21–22. Finally, Safeway argues that, even if there is sufficient evidence of negligence, it did not have sufficient notice of the hazardous floor conditions to remedy them or warn Ms. Cheskis about them. *Id.* at 5, 12, 17–19.

**II.   Standard of Review**

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

4

declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 251. Although "a court should not weigh the evidence," *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249), if "a party fails to establish the existence of an element essential to that party's case" or "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,'" then summary judgment is proper, *id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

### III.   Discussion

To prevail on her negligence claim, Ms. Cheskis must prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that [she] suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of duty." *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 233 A.3d 59, 72 (Md. 2020) (quoting *Rowhouses, Inc. v. Smith*, 133 A.3d 1054, 1066 (Md. 2016)).[1] Duty and breach are the elements at issue in the pending motion.

---

[1] The parties agree that Maryland law applies. ECF 53-1, at 13; ECF 54-1, at 9 n.7.

**A. Duty**

Safeway argues that it is not responsible for any injuries Ms. Cheskis sustained after slipping on its floors because Safeway contracted with Ultracare, who then contracted with PWR, to clean the floors, thereby absolving Safeway of any liability for the negligent actions of the independent contractors relating to the floor cleaning. ECF 53-1, at 13–14 & 19.

A duty is "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Steamfitters*, 233 A.3d at 72 (quoting W. Page Keeton, *et al.*, *Prosser & Keeton on the Law of Torts* § 53 (5th ed. 1984)). The Court determines whether a duty, or standard of care, exists as a matter of law. *Id.* (citing *Todd v. Mass Transit Admin.*, 816 A.2d 930, 933 (Md. 2003)). That determination depends on "the specific facts and circumstances presented." *Id.* at 73. "As a general rule, 'the standard of care owed by a possessor of land depends upon the status of the person on the land; i.e. whether he is an invitee, licensee, or trespasser.'" *Gonzalez v. Eastman Specialties Corp.*, No. 2194, Sept. Term 2017, 2020 WL 2395991, at *5 (Md. Ct. Spec. App. May 12, 2020) (quoting *Sherman v. Suburban Trust Co.*, 384 A.2d 76, 79 (Md. 1978)); *see also Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370, 374 (1997). The highest duty is owed to a business invitee who is "invited or permitted to enter another's property for purposes related to the landowner's business." *Tennant*, 693 A.2d at 374. Storekeepers owe their customers a "duty to 'use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for the invitee's own safety will not discover.'" *Macias v. Summit Mgmt., Inc.*, 220 A.3d 363, 376 (Md. Ct. Spec. App. 2019) (quoting *Deboy v. City of Crisfield*, 893 A.2d 1189, 1193 (Md. Ct. Spec. App. 2006)); *see also Chamberlain v.*

*Denny's, Inc.*, 166 F. Supp. 2d 1064, 1068 (D. Md. 2001); *Sherman*, 384 A.2d at 79; *Gonzalez*, 2020 WL 2395991, at *5.

Although the general rule in Maryland is that an employer of an independent contractor is not liable for the independent contractor's negligence, the employer may not delegate duties that arise "out of some relation toward the public or the particular plaintiff." *Rowley v. Mayor & City Council of Baltimore*, 505 A.2d 494, 497 (Md. 1986); *see Giant of Md. LLC v. Webb*, 246 A.3d 664, 675–76 (Md. Ct. Spec. App. 2021) (noting "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants," with exceptions that include "[n]on-delegable duties of the employer, arising out of some relation toward the public or the particular plaintiff" (quoting *Appiah v. Hall*, 7 A.3d 536, 551 (Md. 2010)) (footnote omitted)), *cert. granted*, No. 38, Sept. Term 2021, 2021 WL 2374377 (Md. May 11, 2021); *Norris v. Ross Stores, Inc.*, 859 A.2d 266, 273 (Md. Ct. Spec. App. 2004) ("[L]iability for breach of a non-delegable duty is an exception to the general rule that one who employs an independent contractor is not liable for the independent contractor's negligence.").

Here, Safeway, the owner and operator of a supermarket, owed Ms. Cheskis, a business invitee, a duty to use reasonable and ordinary care to keep its floors in a reasonably safe condition. This duty to its customer—the highest duty possible—arose directly out of its relation toward the public. Safeway, like nearly every supermarket in the country, opens its doors to members of the public seeking to buy groceries. Once those doors open, Safeway knows that people will stroll its aisles searching for food and household essentials. As Ms. Cheskis walked Safeway's aisles, she had the right to assume that the floors would be maintained in a reasonably safe manner for her while she shopped. It was Safeway's responsibility to use ordinary care to keep its floors in a reasonably safe manner for the members of the public that it welcomed. *See Keene v. Arlan's*

*Dep't Store*, 370 A.2d 124, 128 (Md. Ct. Spec. App. 1977). Safeway's employment of an independent contractor to clean its floors did not absolve the grocery store of its duty to keep the floors safe. *See Norris*, 859 A.2d at 273; *Jarrett v. Home Depot U.S.A., Inc.*, No. SAG-21-1514, 2021 WL 3288361, at *3 (D. Md. Aug. 2, 2021) ("Maryland courts have consistently held that landowners . . . owe a *nondelegable* duty to invitees to 'use reasonable and ordinary care to keep [the] premises safe for the invitee[s] and to protect [them] from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety will not discover.'" (quoting *Appiah v. Hall*, 7 A.3d 536, 561 (Md. 2010)).

Seeking to avoid its duty to maintain the floors in a reasonably safe condition, Safeway cites two cases in which courts have found an employer of an independent contractor not responsible for the negligent actions of an independent contractor. Neither case is not on point.

In *Schramm v. Foster*, plaintiffs, victims of an automobile accident, brought a negligence claim against the company that hired an independent contractor whose driver caused the accident. 341 F. Supp. 2d 536, 540–41 (D. Md. 2004). The Court found the company was not liable in negligence because there was no evidence of an agency relationship, let alone the master–servant relationship generally necessary to give rise to vicarious liability. *Id.* at 543–46. *Schramm* is inapposite because it did not involve a business's duty to its invitee, the non-delegable duty to keep premises safe for invitees, or any other non-delegable duty. The other case cited by Safeway, *South Carolina Natural Gas Co. v. Phillips*, 289 F.2d 143 (4th Cir. 1961), is also distinguishable. In *South Carolina Natural Gas Co.*, the Fourth Circuit held that, under South Carolina law, a general contractor was not liable for a subcontractor's negligence because the general contractor did not possess or control the land where the subcontractor acted negligently and had "no right to control where or how [the subcontractor]" performed its job under the contract. *Id.* at 148. Those

facts are not present here.  Notably, the Court contrasted the facts of that case with a storekeeper's liability for the conduct of an independent contractor tasked with maintaining the premises.  *Id.*

Safeway, as the owner and operator of a supermarket who opened its doors to the public, owed its customers, including Ms. Cheskis, a non-delegable duty to use reasonable and ordinary care to maintain the floors in a reasonably safe condition.  Safeway may not avoid this duty by delegating its duty to an independent contractor.  Under the facts of this case, Safeway is vicariously liable for the negligence of its contractor.  *See Norris*, 859 A.2d at 273.

**B.  Breach**

Having established Safeway's duty, the Court next addresses Safeway's arguments that Ms. Cheskis cannot prove breach because there is no evidence that Safeway created a hazardous condition or that Safeway had actual or constructive notice of any dangerous floor condition in time to address it before Ms. Cheskis fell.  The Court disagrees.  In light of Safeway's vicarious liability for PWR's actions, sufficient evidence of negligence exists to submit this case to a jury, and notice is not at issue.

Whether PWR made the floor slippery by waxing and subsequently cleaning it is in dispute.  On the one hand, PWR's sole member, Ms. Khmaladze, testified that waxing the floors does not make them slippery.  On the other hand, it is undisputed that PWR employee, Mr. Godoy, did not wait at least one day after waxing the floors before he scrubbed and clean them, as was protocol.  The instructions on the wax direct the user to wait 24 hours after waxing before burnishing the floors.  Although Ms. Cheskis does not know what caused her fall, she testified that the floor was "very, very shiny."  Thus, a genuine dispute of material fact exists as to whether the condition of the floor after it was waxed and cleaned caused Ms. Cheskis to fall.

A genuine dispute of material fact also exists as to whether PWR failed to clean up water that caused plaintiff's fall.  Safeway employee Ms. Haskell testified that after Ms. Cheskis fell, she "noticed a foot long strip of water in the area that plaintiff fell" that was equivalent to "half a bottle of water."  In the incident report that Ms. Haskell completed, she attributed the fall to water left on the floor by PWR's cleaner.  Ms. Khmaladze of PWR and Mr. Taylor of Safeway both testified that the scrubber used to clean the floors can leave little trails of water.  However, Ms. Cheskis testified that her clothing did not feel wet after she fell and she did not notice any wet spots on the floor around her.  Thus, there is a factual dispute as to whether plaintiff slipped on water that remained after PWR scrubbed the floors.

There also is evidence from which a reasonable jury could find that Safeway was negligent when it failed to post a warning sign after PWR waxed and cleaned the floors.  It is undisputed that Safeway did not notify customers when the floor was waxed.  Ms. Cheskis testified that there were no warning signs about potentially dangerous floor conditions when she entered the store or as she walked through the aisles before she fell.  Thus, a reasonable jury could find that Safeway breached its non-delegable duty to use ordinary and reasonable care to maintain reasonably safe floor conditions by failing to post a warning sign that the floors had been waxed and cleaned.

Finally, Safeway claims summary judgment is warranted because there is no evidence that Safeway had notice of the dangerous floor conditions before Ms. Cheskis fell.  ECF 53-1, at 5.

An owner or possessor of land breaches its duty to keep its premises safe for invitees if it "knew or should have known of [a] dangerous or defective condition" within its control but fails to remove the condition or warn the invitee about it.  *Macias v. Summit Mgmt., Inc.*, 220 A.3d 363, 376 (Md. Ct. Spec. App. 2019) (quoting *Hansberger v. Smith*, 142 A.3d 679, 691 (Md. Ct. Spec. App. 2016)); *see Hemmings v. Pelham Wood Ltd. Liab. Ltd. P'ship*, 826 A.2d 443, 452 (Md. 2003);

*Rehn v. Westfield America*, 837 A.2d 981, 984 (Md. Ct. Spec. App. 2003); *Keene*, 370 A.2d at 127–28; Restatement (Second) of Torts § 343. A storeowner "is not an insurer of the safety of his customers while they are on his premises." *Link v. Hutzler Bros. Co.*, 335 A.2d 192, 196 (Md. Ct. Spec. App. 1975) (quoting *Moulden v. Greenbelt*, 210 A.2d 724, 725 (Md. 1965)). Therefore, the customer bears the burden of demonstrating that "the proprietor created the dangerous condition *or* had actual or constructive knowledge of its existence[.]" *Linderborn v. Armadillo Ventures, LLC*, No. CCB-19-2532, 2021 WL 322179, at *4 (D. Md. Feb. 1, 2021) (quoting *Maans v. Giant of Md., L.L.C.*, 871 A.2d 627, 631 (Md. Ct. Spec. App. 2005) (emphasis added in *Linderborn*) (internal quotation marks and citations omitted)).

Maryland law distinguishes those cases that "occur as a result of some overt action by the owner or his employees" from those cases "designated as foreign object, notice type of cases." *Keene*, 370 A.2d at 128 (providing as an example of the first case type "waxing or oiling of floors"). Where the incident allegedly occurred because of an owner or employee's action, "notice is usually not an issue since the owner or his employees are alleged to have created the dangerous condition." *Id.*

Here, there is no evidence that anyone other than Safeway or PWR created the floor conditions that caused the fall. There is ample evidence that Safeway, on its own or through PWR, created the dangerous floor conditions. As a result, this case falls into the class of cases in which notice is not an issue. *See Altice v. AMF Bowling Ctrs.*, No. DKC-06-949, 2007 WL 9782549, at *4 (D. Md. Apr. 13, 2007) (finding plaintiff need not offer evidence that defendant was on notice of dangerous condition where there was evidence that defendant created the dangerous condition). Therefore, Plaintiff need not prove that Safeway had actual or constructive knowledge of any hazardous floor conditions. *Chamberlain v. Denny's, Inc.*, 166 F. Supp. 2d 1064, 1069 (D. Md.

2001) (holding where "there is proof that [the] defendant negligently caused the dangerous condition, [the] plaintiff does not have to prove notice to prevail . . . .").

Based on the evidence in the record, the Court finds Ms. Cheskis has adduced sufficient evidence to submit her negligence claim to a jury.[2]  Safeway's motion for summary judgment is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is hereby ORDERED that Safeway's motion for summary judgment, ECF 53, is denied.

Date: August 27, 2021

_____
Deborah L. Boardman
United States District Judge

---

[2] This case is similar to other slip and fall cases in which courts have denied summary judgment. *See, e.g.*, *Altice*, 2007 WL 9782549, at *4 (denying summary judgment against bowling alley because plaintiff produced evidence there was oil on the floor where she fell); *Chamberlain*, 166 F. Supp. 2d at 1069 (denying summary judgment where there was evidence that plaintiff tripped and fell on storeowner's uneven, recently repaired floors); *Link*, 335 A.2d at 197–98 (denying summary judgment where there was evidence that plaintiff slipped on waxed and recently buffed floors); *Casey v. Roman Cath. Archbishop of Balt.*, 143 A.2d 627, 629–30 (Md. 1958) (concluding that question of negligence was properly submitted to jury where there was testimony about the procedure used in waxing the floor and "ample evidence of the condition in which the floor had been left" after waxing, such that it could not "be said that there was *no* evidence of negligence").